UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MILLER and VERTICAL HEALTH SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL GOLDNER,<br><br>Defendant. | No. 2:26-cv-01842-JHC<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. # 10. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. The Court does not find oral argument necessary. Being fully advised, for the reasons below, the Court GRANTS IN PART and DENIES IN PART the motion.

*Legal Standards.* Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* "When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). And if a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" a court should dismiss the complaint for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[1]

*Claims at Issue.* Viewed through the forgiving lens of Rule 12(b)(6), the complaint here sufficiently states claims for defamation and tortious interference with business expectancy. The call is not close. But Plaintiffs do not argue that they state a claim for tortious interference *with contract*, so the Court must dismiss that claim.

Defendant's arguments regarding the Washington Consumer Protection Act (CPA) claim did give the Court a moment's pause. There may be some initial appeal to the suggestion that only those deceived by the alleged false statements should have standing to pursue a CPA claim, and that courts should preclude the "piggybacking" underscored by Plaintiffs. But Plaintiffs' citation to the Washington Supreme Court's ruling in *Nordstrom, Inc. v. Tampourlos* emerges as the sockdolager in this round. In that case, the Washington Supreme Court concluded that "the public was integrally involved" in an

[1] Courts in this District have recognized that Federal Rule of Civil Procedure 9(b)'s heightened pleading standards apply to Washington Consumer Protection Act claims "when they allege a specific intent to deceive or a unified fraudulent course of conduct." *In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1037 (W.D. Wash. 2025) (internal quotation marks and citations omitted). But Plaintiffs do not make a Rule 9(b) argument. *See generally* Dkt. # 1-1.

"essentially private dispute[,]" thereby satisfying the "public interest" requirement for the plaintiff's CPA claim. *Id.* at 738–43. Likewise, *Panag v. Farmers Inc. Company of Washington* lends further support to Defendant's position. 166 Wash. 2d 27, 39, 204 P.3d 885 (2009) ("The CPA allows any person who is injured in his or her business or property by a violation of the act to bring a CPA claim. Nothing in this language requires that the plaintiff must be a consumer or in a business relationship with the actor.") (emphasis, internal quotation marks, and citation omitted). Defendant's other arguments regarding the CPA—a statute that must be liberally construed, *see* RCW 19.86.920—do not persuade the Court. *See generally* Dkt. # 12.

Given the foregoing, the Court: (1) GRANTS IN PART and DENIES IN PART Defendant's motion (Dkt. # 10); (2) DISMISSES Defendant's tortious interference with contract claim without prejudice; and (3) GRANTS Defendant leave to amend that claim on or before September 29, 2026.

DATED this 16th day of September, 2026.

John H. Chun
United States District Judge